UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| JOSEPH ANTHONY BROWN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 11-1734 (RWR) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) ) | |

## MEMORANDUM OPINION

This matter is before the Court on petitioner Joseph Anthony Brown's petition for a writ of habeas corpus.[1] Petitioner states that he pled guilty to carrying a pistol without a license, and the Superior Court of the District of Columbia sentenced him to a one-year term of probation in 1991. *See* Pet. at 1. He alleges that, at that time, he was "unknowingly suffering from a mental illness . . . (post traumatic stress disorder) from a 1991 shooting," and that his defense "counsel failed to investigate [his] claims after [he] told [counsel] about the shooting." *Id.* On this basis petitioner brings a claim of ineffective assistance of counsel. *Id.* at 4.

A District of Columbia Code offender may move to vacate, set aside, or correct a sentence imposed by the Superior Court on four grounds: "that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the

---

[1] Petitioner used a preprinted form titled "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," and he initially filed his petition in the United States District Court for the Eastern District of California. The court construed the motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and has transferred it to this district. Although the record does not indicate whether petitioner filed a motion for leave to proceed *in forma pauperis*, this Court presumes that he has done so and grants the motion.

1

court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, [or] (4) the sentence is otherwise subject to collateral attack." D.C. Code § 23-110(a). Although habeas relief in federal court is available to a District of Columbia Code offender who "is in custody in violation of the Constitution . . . of the United States," 28 U.S.C. § 2241(c)(3), his habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that the [petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."); *Byrd v. Henderson*, 119 F.3d 34, 36-37 (D.C. Cir. 1997) (finding that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention").

Petitioner has not sought relief in the Superior Court and he makes no argument that the relief available to him under D.C. Code § 23-110 is inadequate or ineffective. Accordingly, his petition will be denied. An Order accompanies this Memorandum Opinion.

DATE: November 7, 2011                RICHARD W. ROBERTS
                                      United States District Judge